# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 21-cv-00762-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$5,880.00 IN UNITED STATES CURRENCY,

    Defendant.

---

## ORDER

---

This civil asset forfeiture matter is before the Court on Plaintiff United States of America's Motion to Strike Brittany Ferpes' claim asserting an interest in the defendant asset. [DKT. 12.] After considering the Motion and related briefing(s), case record, and applicable law, the Court GRANTS the Motion to Strike for the reasons discussed below.

### I.  Background

On March 15, 2021, Plaintiff filed its complaint against the defendant asset under 21 U.S.C. § 881(a)(6), by asserting a forfeiture of proceeds based on criminal activity. [DKT. 1, Attachments 1.] The same day, Plaintiff provided Ferpes with notice of this action, including instructions for how to properly file her claim and answer with the Court by April 30, 2021. [DKT. 4.] Specifically, Plaintiff relayed to Ferpes the mandatory requirement to file an answer with the Court within 21 days

after filing a claim to avoid defaulting and forfeiting her asserted interest in the defendant asset.[1] [*Id.*]

Despite the notice, Ferpes failed to timely file a claim. [DKT. 12.] But on two separate occasions (and after exchanging several emails) Plaintiff allowed Ferpes to file her claim after the deadline expired. [*Id.*, Exh. 1.] She subsequently filed her claim with the Court on May 19, 2021. [DKT. 10.]

About a week later, Plaintiff and Ferpes discussed the case by phone and Plaintiff, again, reiterated to Ferpes the need to file her answer within 21 days after filing her claim, i.e., by June 9, 2021. [DKT. 12 p. 4.] But Ferpes failed to file her answer by the June 9, deadline.

Even despite Ferpes' failure to timely file her answer, Plaintiff attempted to correspond with Ferpes, but to no avail. [*Id.* at Exh. 3.] Eventually, on July 9, 2021, Plaintiff's attorney and Ferpes spoke by phone, and both agreed to have Ferpes file her unopposed motion for extension of time to file her answer. [*Id.*] But again, Ferpes failed to do so. [*Id.*] Consequently, on December 2, 2021, after Plaintiff's numerous failed attempts to contact Ferpes, Plaintiff moved the Court to strike Ferpes' claim. [*Id.*]

## II.   Discussion

Plaintiff argues Ferpes' claim should be stricken for lack of statutory standing because (1) Ferpes failed to timely file an answer, and (2) absent excusable neglect,

---

[1] On March 17, 2021, Plaintiff also provided notice of this action on its official government website and in compliance with Rule G(4)(A)(iv)(C). [DKT. 11.]

the Court should not exercise its discretion to extend Ferpes' answer deadline. The Court agrees.

To contest a forfeiture by asserting an interest in the defendant property, Supplemental Rule G(5)(b) for Admiralty or Maritime Claims and Asset Forfeiture Actions requires a claimant to establish statutory standing by filing an answer within 21 days of filing a claim. *See United States v. $20,000 in U.S. Currency*, 350 F. Supp. 3d 1148, 1156 (D.N.M. 2018) (to acquire statutory standing in a civil forfeiture action, Supplemental Rule G(5) requires the claimant to file both a verified claim and an answer). If a claimant fails to comply with the procedural requirements of Rule G(5)(b), the Plaintiff may then move under Supplemental Rule G(8)(c) to strike a claim or answer for failure to comply with the rule or for lack of standing. *Id.* at 1158.

Ferpes unequivocally failed to comply with Rule G(5)(b)'s requirement to file her answer by June 9, 2021. *See Id.*; *United States v. 2687 S. Deframe Circle, Lakewood, Colo.*, No. 98-1390, 2000 WL 216938, at *3 (10th Cir. Feb. 24, 2000) (unpublished) (no abuse of a court's discretion for denying claimant's late answer). Ferpes never asked the Court for an extension of time to file her late answer. As well, her last communication with the Court occurred on May 19, 2021, when she filed her claim asserting an interest in the defendant asset.

Consequently, the Court finds no excusable neglect in Ferpes' failure to comply with the procedural requirements of Rule G(5)(b) to warrant exercising its discretion to allow Ferpes to file an answer past the deadline. *See United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994) (discussing and

analyzing the equitable factors a court considers in determining excusable neglect, i.e., notice, compliance with the applicable rules, and prejudice for undue delay).[2] The record shows Plaintiff complied with its procedural requirements by providing Ferpes with notice of this forfeiture action via certified mail and demonstrated by the parties' numerous communications leading to Ferpes filing her claim. Although Ferpes filed her claim with the Court, she never filed an answer as required by Rule G(5)(b), which is reason enough to strike her claim. *See $20,000 in U.S. Currency*, 350 F. Supp. 3d at 1156-57 (generally, a court does not abuse its discretion by requiring claimants to strictly follow Rule G(5)'s provisions). Most importantly, however, allowing Ferpes to file her late answer would thwart the underlying goals of Rule G(5)'s time restriction to avoid undue delay. *See 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d at 1319 (a court should exercise its discretion, to allow a late claim only if the purpose of the time restriction is not thwarted); *$20,000 in U.S. Currency*, 350 F. Supp. 3d at 1156 (filing a timely claim forces parties to appear before the Court to resolve their disputes without delay).

Furthermore, by applying a liberal construction of Ferpes' claim given her *pro se* status, the fact remains she never filed her answer before the deadlines on multiple occasions. *cf. United States v. $9,020.00 in U.S. Currency*, 30 F. App'x 855, 858 (10th Cir. 2002) (a court liberally construed a claimant's timely petition as both a claim and

---

[2] The Court cannot say, based on the record, that Plaintiff encouraged the delay or that it misguided Ferpes. *See United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994) (finding plaintiff did not delay or misguide the claimant in any way and neither did the claimant suggest or establish the same).

4

answer because the claimant presented evidence and arguments generally accepted in *pro se* answers); *but see 2687 S. Deframe Circle, Lakewood, Colo.*, No. 98-1390, at *3 (that a claimant appeared *pro se* at the time he filed his "claim to the defendant property does not, by itself, excuse his noncompliance with the procedural rules.").

Therefore, Plaintiff's Motion to Strike is [DKT. 12] is **GRANTED**.

DATED: September 28, 2022                    BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge